# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LILY JUNE HALL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C17-5608-JPD<br><br>ORDER |

Plaintiff Lily June Hall appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 55-year-old woman with a high school diploma and some college education, plus additional training as a certified nursing assistant. Administrative Record ("AR") at 44. Her past work experience includes employment as a retail cashier, in-home caregiver, and nursing home assistant. AR at 218. Plaintiff was last gainfully employed in

ORDER - 1

November 2013. *Id.*

In August 2014, Plaintiff protectively applied for SSI and DIB, alleging an onset date of November 30, 2013. AR at 70-71, 195-202. Plaintiff asserts that she is disabled due to bipolar disorder, post-traumatic stress disorder, upper back pain, right hand carpal tunnel syndrome, and feet pain. AR at 217.

The Commissioner denied Plaintiff's applications initially and on reconsideration. AR at 132-35, 139-49. Plaintiff requested a hearing, which took place on March 24, 2016. AR at 39-69. On July 14, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 20-33. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On August 3, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Hall bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

ORDER - 4

## V. DECISION BELOW

On July 14, 2016, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since November 30, 2013, the alleged onset date.

3. The claimant has the following severe impairments: Anxiety Disorder; Alcohol Use Disorder; Borderline Personality Disorder; Depressive Disorder; Rule-out Mood Disorder; History of Post-Traumatic Stress Disorder; Amphetamine Dependence; Alcohol Dependence; History of Cannabis Dependence; Bipolar Disorder; and Substance-related Disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels that consists of simple routine tasks or well-known semiskilled tasks and that does not require more than occasional superficial interaction with co-workers or the general public.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on XXXXX, 1962 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.[2]

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

ORDER - 5

| | |
|---|---|
| 1 | 11. The claimant has not been under a disability, as defined in the Social Security Act, from November 30, 2013, through the date of this decision. |
| 2 | |


1
2      11.  The claimant has not been under a disability, as defined in the Social
            Security Act, from November 30, 2013, through the date of this
            decision.

AR at 22-32.

## VI.  ISSUE ON APPEAL

The principal issue on appeal is whether the ALJ erred in discounting an opinion from examining psychologist Christopher Edwards, Psy.D. Dkt. 8 at 1.

## VII.  DISCUSSION

Dr. Edwards examined Plaintiff after the administrative hearing, in April 2016. AR at 576-81. Dr. Edwards noted several inconsistencies in Plaintiff's self-report, and suspected that she might have been under the influence of drugs or alcohol during the evaluation, and also suspected drug-seeking behavior and/or malingering. AR at 577-79. Dr. Edwards' functional assessment reads as follows, in its entirety:

> The claimant's ability to reason and understand appears to be mildly impaired. She does have some adaptation skills. Remote memory is mostly intact. Recently and immediate memory are mostly intact. Sustained concentration and persistence are adequate based on the brief concentration tasks of this evaluation; however, it appeared that the claimant struggled as evidenced by her responses when attempting serial sevens and then serial threes. The claimant denied significant difficulty on following through on tasks in her home environment. She describes extensive interpersonal challenges in her personal life as a result of irritability and difficulty regulating emotions. The claimant's ability to interact with co-workers and the public is likely significantly impaired. Due to reported symptoms and difficulty in managing interpersonal relationships, the claimant's ability to maintain regular attendance in the workplace is likely moderately impaired. Her ability to complete a normal work day or work week without interruption from mental health symptoms or other potential factors such as concurrent substance use or physical health concerns is likely significantly impaired. Her ability to deal with the usual stress encountered in the workplace is significantly impaired if it involves extensive interaction with co-workers. The claimant indicated potential physical limitations that would be better assessed by a medical provider.

AR at 580-81.

The ALJ gave "some weight" to Dr. Edwards' opinion, indicating that his RFC

ORDER - 6

assessment accounted for the interpersonal limitations described by Dr. Edwards. AR at 30. The ALJ also noted that the physical concerns reported by Plaintiff, which inform to some degree Dr. Edwards' opinion regarding her ability to completely a normal workday/workweek, were unsupported by the record, because she made "little to no physical complaints" and received no treatment of significance. *Id*. The ALJ thus factored out the limitations caused by physical complaints that Dr. Edwards mentioned, restricted Plaintiff's social interaction in accordance with Dr. Edwards' opinion, and found that the remaining limitations were not disabling. *Id*.

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

In this case, Plaintiff first argues that the ALJ erred in assessing Dr. Edwards' opinion because although the ALJ indicated that his RFC assessment accounted for the social limitations described by Dr. Edwards, the RFC assessment only limits Plaintiff to no more than "occasional superficial interaction with co-workers or the general public." Dkt. 8 at 3. Thus, Plaintiff contends that the RFC assessment is actually inconsistent with Dr. Edwards' opinion, and the ALJ did not provide an explanation for his departure.

Plaintiff's argument is not persuasive. Dr. Edwards did not describe Plaintiff's social limitations in terms of the most she could do, as in an RFC assessment; instead, he simply noted that her ability to interact with co-workers and the public is "likely significantly impaired." AR at 581. The ALJ significantly reduced Plaintiff's social interaction with co-workers and the public, by restricting her to no more than occasional, superficial interaction. Because the ALJ's RFC assessment is consistent with the limitation described by Dr. Edwards, the ALJ's assessment accurately describes his treatment of Dr. Edwards' opinion. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).

Next, Plaintiff argues that the ALJ erred in interpreting Dr. Edwards' opinion regarding her ability to complete a normal workday/workweek. Dr. Edwards opined that Plaintiff's "ability to complete a normal work day or work week without interruption from mental health symptoms or other potential factors such as concurrent substance use or physical health concerns is likely significantly impaired." AR at 581. According to Plaintiff, because Dr. Edwards phrased his opinion regarding the reasons why she had a significant impairment in her ability to complete a normal workday/workweek in the disjunctive, rather than the conjunctive,

Dr. Edwards intended to say that Plaintiff's mental health symptoms *or* her substance use *or* physical complaints caused the impairment. Dkt. 8 at 3. Thus, Plaintiff suggests that, consistent with principles of statutory construction, Dr. Edwards' opinion should be read to state that the mental health symptoms alone would significantly impair Plaintiff's ability to complete a normal workday/workweek. *Id*.

Plaintiff may be correct in her theory of the proper use of disjunctives in statutes, but Dr. Edwards' use of the disjunctive does not appear to be as precise, and the Court is not persuaded to adopt Plaintiff's interpretation as the only reasonable interpretation. Here, Dr. Edwards provided a non-exhaustive list of several factors — mental health symptoms and other factors "such as" concurrent substance abuse or physical complaints — that might likely interrupt Plaintiff's workday or workweek, but his phrasing does not necessarily suggest that these factors are alternatives and should be treated separately. AR at 581. In fact, Dr. Edwards does not know whether Plaintiff is currently using substances or would use them in the future, but he only suspected that she may have been under the influence of substances at the time of the evaluation. *See* AR at 577. He also suggested that Plaintiff's physical complaints be assessed by a medical provider, given that he was performing only a psychological evaluation. AR at 581. Thus, the ALJ reasonably interpreted Dr. Edwards' opinion to mean that a combination of these potential factors (and potentially other unnamed factors) would likely lead to a significant impairment. The interpretation of Dr. Edwards' opinion offered by Plaintiff may be reasonable, but because the ALJ's interpretation is also reasonable, the ALJ's interpretation must be affirmed. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). The ALJ did not err in construing Dr. Edwards' opinion to suggest that if Plaintiff's physical complaints were factored out, her

impairments would be less severe and not disabling.

VIII. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.

DATED this 15th day of February, 2018.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge